IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAJUANNA I. JOHNSON, *et al.*, | : | |
| | : | Case No. 2:11-CV-1130 |
| **Plaintiffs,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge King |
| CHEEK LAW OFFICES, LLC, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

## I.     INTRODUCTION

This matter is before the Court on Plaintiffs' Supplemental Motion for an Award of Attorney Fees (Doc. 52) (hereinafter, the "Supplemental Motion") and Plaintiff's Summary of Time Relating to Attorney Fees for Plaintiffs' Supplemental Motion (Doc. 54).  In February 2013, Plaintiffs and Defendants reached a settlement of all class claims brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act ("OCSPA").  (*See* Doc. 38-1).  By the terms of the Class Action Settlement Agreement and Release (the "Settlement Agreement"), "Defendants agree[d] that the Action has been successful for the Class representatives and the Class members within the meaning of 15 U.S.C. § 1692K." (*Id*. at 8).  Plaintiffs move the court for a supplemental fee award against Defendants in the amount of $6,090.00.[1]  For the reasons set forth below, the Court **AWARDS** Plaintiffs **$6,090.00** in supplemental attorney fees.

---

[1] Plaintiffs' Supplemental Motion requests $6,125.00 in supplemental fees.  (See Doc. 52 at 2).  Plaintiffs' Summary of Time Relating to Attorney Fees for Plaintiffs' Supplemental Motion (Doc. 54), however, reduces the amount of hours worked by Mr. Freytag by 0.10 hours, (*see* Doc. 54-2), reducing the total number of hours worked by both attorneys from 17.50 to 17.40.  Thus, the overall supplemental fee request is reduced from $6,125.00 to $6,090.00 (17.40 multiplied by $350/hr).

## II.     BACKGROUND

Plaintiffs brought this action based on Defendants previous action in suing Plaintiffs in Franklin County, Ohio, to recover debts secured by promissory notes.  Plaintiffs alleged that they neither signed the notes in Franklin County nor resided there at the time Defendants commenced the suits or post-judgment collection proceedings there, in violation of the FDCPA and OCSPA.  Defendants placed a forum selection clause in the Notes that stated that "[t]his Agreement is entered into in Columbus, Ohio on [date] and any law suit filed to enforce this Agreement shall be venued in Franklin County, Ohio."  (Doc. 2 at 16).  Plaintiffs alleged that Defendants employed the forum selection clause to circumvent the plain requirements of the FDCPA venue mandate by misrepresenting the material circumstances of the transaction.  (*Id*. at 15-18).

The Parties agreed to a settlement in early 2013, and they submitted the Settlement Agreement for preliminary approval on February 21, 2013.  (Doc. 38-1).  The Court held a Fairness Hearing on the motion for preliminary approval of the settlement on October 22, 2013.  (*See* Doc. 40).

Pursuant to the Settlement Agreement, Defendants agreed to "pay Attorneys' Fees to Class Counsel in an amount either awarded by the Court or otherwise agreed to by the Settling parties." (*Id*. at 8).  The parties were unable to come to an agreement regarding attorney fees, however, and on October 15, 2013, Plaintiffs filed a Motion for Attorney Fees and Costs, (Doc. 45), for the period through October 14, 2013.  Plaintiffs moved the Court to award fees in the amount of $36,415 and costs in the amount of $391.01.  (Doc. 45 at 11-12). On May 8, 2014, after consideration of the parties' arguments presented to the Court at a Fairness Hearing and through the parties' briefing, this Court ordered an award in the amount of $35,455 in attorney fees and $391.01 in costs to Plaintiffs.  (*Opinion and Order*, Doc. 51).

In their Motion for Attorney Fees and Costs, Plaintiffs' informed the Court of its intention to file a supplemental request for additional attorney fees for additional time counsel expected to spend on the case, including: filing a reply memorandum in support of this motion, preparing for and attending the fairness hearing, responding to Class Members' questions regarding the checks they receive, and distributing the cy pres award.  (Doc. 51 at12).

Plaintiffs now ask the Court to award an additional $6,090.00 in attorney fees for the period of October 15, 2013 through May 23, 2014.  Plaintiffs assert that its counsel, Edward A. Icove, spent a total of 10.70 hours of attorney time on this case from October 15, 2013 through May 23, 2014, with 1.80 hours spent on work related to attorney fees.  Attorney Daniel R. Freytag spent a total of 6.70 hours of attorney time in the same time period, with 0.70 hours spent on work related to attorney fees.  (Doc. 54; Doc. 54-1; Doc. 54-2).  Thus, in total, Plaintiffs request attorney fees for an additional 17.40 hours of work.  Each attorney charged a rate of $350.00 per hour, for a total supplemental fee request of $6,090.00.  Defendants did not respond to Plaintiffs' Supplemental Motion.  Therefore, the matter is ripe for review.

### III.   STANDARD OF REVIEW

The FDCPA mandates the award of "a reasonable attorney's fee" and costs to a prevailing party.  *See* 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997).  A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers."  *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (internal quotes omitted).  Determining a reasonable fee begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This product has come to be known as the "lodestar."  *Garner v. Cuyahoga County Juvenile Court,* 554 F.3d 624, 642 (6th Cir.

2009).  There is a "strong presumption" that the lodestar "represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  The inquiry, however, does not end with calculation of the lodestar.  *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).  The Court has the discretion to adjust the award depending on a plaintiff's success, the complexity of the case, and the risk of recovery.  *Id.*

A district court has "broad discretion to determine what constitutes a reasonable hourly rate for an attorney."  *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).  A useful guideline in determining a reasonable hourly rate is the "prevailing market rate [ ] in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command," *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).  "The appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate . . . ." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007); *see also Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995) ("Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law.").  A court may rely on an attorney's customary billing rate, *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995), and the court's knowledge of local billing practices to determine whether counsel's fees fall "well within the range of reasonableness."  *Dowling v. Litton Loan Servicing LP*, 320 F. App'x. 442, 447 (6th Cir. 2009).  Setting hourly rates solely based on rates awarded in prior cases, however, "has the [impermissible] effect of capping attorney's fees."  *Id.*

4

The recovery of fees for time spent preparing a party's request for attorney's fees is legitimate. *See, e.g.*, *Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226, 229 (6th Cir. 2005); *Weisenberger v. Heucker*, 593 F.2d 49, 53-54 (6th Cir. 1979). The Sixth Circuit's "general rule is that, in the absence of unusual circumstances, the 'fees for fees' recovery should not exceed three percent of the hours in the main case which is decided without trial." *Auto Alliance Int'l, Inc.*, 155 Fed. Appx. at 229 (citing *Coulter v. Tennessee*, 805 F.2d 146, 151, 152 (6th Cir. 1986)); *see also Gonter v. Hunt Valve Co.*, 510 F.3d 610, 620 (6th Cir. 2007) (same). As the Sixth Circuit instructs in *Coulter*, the three-percent limitation is "necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation." *Coulter*, 805 F.2d at 151.

### IV.  ANALYSIS

Plaintiffs petition the Court for $6,090.00 in supplemental attorney fees. Plaintiffs ask the Court to award $2,345 for Daniel R. Freytag's work (6.70 hours at an hourly billing rate of $350/hr) and $3,745.00 for Edward A. Icove's work (10.70 hours at an hourly billing rate of $350/hr). (Doc. 54-1; Doc. 54-2). Of the total $6,090.00 award requested, $875.00 is sought for a total of 2.5 hours of work related to the recovery of attorney fees. In determining the proper fee award, the Court must first calculate the lodestar and then determine whether to adjust this figure.

#### A.  Billing Rates

In this case, this Court has previously determined the lodestar rate for each of the two attorneys here, taking into consideration the market rate for attorneys with comparable skill and experience, as well as other "indicia of reasonableness" that have been approved by the United States Supreme Court. (*See generally* Doc. 51).

With respect to Mr. Freytag, the Court considered his level of experience, customary billing rates, the challenges of successfully concluding a class action suit under the FDCPA and OCSPA, and the Court's knowledge of billing rates in the community to determine that a rate of $350 per hour is well within the range of reasonableness for similarly skilled litigators.  (Doc. 51 at 5).  Similarly, with respect to Mr. Icove, the Court considered his experience, his clients' award history in federal court, and the Court's knowledge of billing rates in this community to determine that a rate of $350/hr is consistent with the evidence in this case and within the range of reasonableness of similarly skilled litigators.  (Doc. 51 at 6).  The Court incorporates herein the complete reasoning and analysis from its Opinion and Order, (Doc. 51), determining the reasonableness of the billing rates for Mr. Freytag and Mr. Icove, respectively.

### B.  Lodestar Amount

Mr. Freytag submits billing for 6.70 hours.  Mr. Freytag's billing rate of $350/hr multiplied by his 6.70 billed hours yields a fee of $2,345.00.  Mr. Icove submits billing for 10.70 hours.  A rate for Mr. Icove of $350/hr multiplied by his 10.70 billed hours yields a fee of $3,745.00.  Therefore, the lodestar for this matter is $6,090.00.  The Court must now determine whether any downward adjustment to the lodestar figure is warranted.

### C.  Recovery of "Fees for Fees"

Because Plaintiffs' Supplemental Motion seeks, in part, the recovery of fees for time related to preparation of Plaintiffs' attorney fees motions, the request is subject to the Sixth Circuit's general rule that, absent unusual circumstances, "fees for fees" recovery should not exceed three percent of the hours in the main case which is decided without trial.  *See, e.g.*, *Auto Alliance Int'l, Inc.*, 155 Fed. Appx. at 229 (citing *Coulter v. Tennessee*, 805 F.2d 146, 151, 152

(6th Cir. 1986)); *see also Gonter v. Hunt Valve Co.*, 510 F.3d 610, 620 (6th Cir. 2007); *Weisenberger v. Heucker*, 593 F.2d 49, 53-54 (6th Cir. 1979).

The total number of attorney work hours in the main case, for which the Court previously allowed recovery of fees (*see* Doc. 51), was 101.3 hours (19.2 hours for Mr. Icove's work; 82.1 hours for Mr. Freytag's work). Three percent of 101.3 is 3.039. Plaintiffs here have not presented any "unusual circumstances" warranting an exception to the Sixth Circuit's general rule regarding "fees for fees" requests. *See Auto Alliance Int'l, Inc.*, 155 Fed. Appx. at 229. Thus, Plaintiffs may recover for a maximum of 3.039 hours for the attorneys' "fees for fees" work in this case.

Plaintiffs request 1.8 hours for Mr. Icove's "fees for fees" work and 0.7 hours for Mr. Freytag's "fees for fees" work, for a total of 2.5 hours. Because the requested amount does not exceed three percent of the total hours spent in the main case, no adjustment by the Court is required on this basis. Thus, Plaintiffs are entitled to recover attorney fees for the entire amount of time spent preparing Plaintiffs' requests for attorney fees identified in Plaintiffs' Summary of Time Relating to Attorney Fees for Plaintiffs' Supplemental Motion (Doc. 54, Doc. 54-1, Doc. 54-2).

Defendants have not challenged any of the hours submitted by Plaintiffs, nor have they requested downward adjustment of the lodestar amount on any other basis.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that the lodestar is a reasonable measure of Plaintiffs' attorney fees and no downward adjustment of the lodestar amount is necessary. Thus, the Court hereby **ORDERS** a supplemental award in the amount of **$6090.00** in attorney fees to Plaintiffs. This case is hereby **CLOSED**.

**IT IS SO ORDERED.**

                                                 s/ Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: February 10, 2015**